

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL -

Honorable V. A. Collins, Member
Board of Regents of the State
Teachers Colleges of Texas
Livingston, Texas,

Dear Mr. Collins:          Opinion No. 0-5750

Re: Right of holder of State war-
rant who sells warrant at a dis-
count to be reimbursed by State
for loss thus sustained.

From your letter of the 29th ult., it appears
that your Board contracted with one J. B. Martin to make
certain improvements at the institution in San Marcos,
Texas, the contract providing that Martin should be paid
in "current funds". When the work was completed, war-
rants upon the State Treasury in the amount agreed to be
paid under the contract were delivered to Mr. Martin, who
accepted such warrants and sold them at a discount of
$284.49. He is asking that the Board of Regents reim-
burse him for the discount he took in selling his war-
rants. Your board desires the opinion of this Depart-
ment upon the question whether the Board must or can
legally make such reimbursement.

The phrase "current funds", to which you refer,
means simply whatever is receivable by law as money,
whether in the form of notes or coin. Bull v. First
National Bank, 123 U. S. 105, 31 L. ed. 97. Mr. Martin
is perhaps laboring under the misapprehension that a war-
rant upon the Treasury of the State constituted "payment"
of the State's obligation. This is incorrect; a warrant
is simply an order upon the State Treasurer to pay, out
of appropriated funds, as and when the moneys are avail-
able, a specified sum of money. This is the manner pre-
scribed by law for the payment of obligations of the
State, and all persons entering into contracts with the
State are charged with knowledge that payment will be

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable V. A. Collins - page 2

made in such manner as and when moneys are on hand in
the Treasury. Such warrants, when funds are available
for their payment in due order, are paid in "current
funds".

It has long been settled in this State that
the holder of a warrant upon the Treasury of the State,
issued by the Comptroller, who sells the warrant at a
discount, cannot hold the State liable for the loss he
thus sustains; that an officer of the State has no pow-
er to obligate the State to pay such loss; and that
the payment of such loss is prohibited by Section 44
of Article 3 of the State Constitution. State v. Wil-
son, 71 T. 291, 9 S. W. 155.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By    *R. W. Fairchild*

R. W. Fairchild
Assistant

RWF-MR

APPROVED DEC 15, 1943

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN